```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
BRUNILDA UBILES,

                    Plaintiff,                    11-CV-6340
v.

MICHAEL S. ASTRUE,                                 ORDER
Commissioner of Social Security,

                    Defendant.
_____
```

### **INTRODUCTION**

Plaintiff, Brunilda Ubiles ("Plaintiff"), initially brought this action against the Commissioner of Social Security ("the Commissioner") after she was denied Supplemental Security Income benefits ("SSI") on May 6, 2011. In a Decision and Order dated July 2, 2012, this Court remanded this case to the Social Security Administration for further proceedings pursuant to 42 U.S.C. § 405(g).

Plaintiff now moves for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,423.21, which represents 39.3 hours of attorney time, .5 hours of administrative time and $14.64 in costs. The Commissioner does not oppose an award of fees, but argues that the amount of fees requested is unreasonable.  For the reasons set forth below, this Court grants Plaintiff's motion for EAJA fees.

**DISCUSSION**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that the Plaintiff is entitled to an award of attorney's fees under the EAJA. The only dispute is whether the amount requested is reasonable.

The Court must determine if the hours expended and the rates charged by Plaintiff's attorney are reasonable, which remains the burden of the fee applicant. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Alnutt v. Cleary, 27 F.Supp.2d 395, 399 (W.D.N.Y. 1998). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." See Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99.

Plaintiff's attorney's affidavit in support of this motion indicates that he spent 39.3 hours working on Plaintiff's case, which includes the time spent preparing the instant motion.

Olinsky Aff. at ¶6.  He seeks $185.04 per hour for work performed in 2011 (5.2 hours) and $187.87 per hour for work performed in 2012 (34.1 hours).  Defendant does not object to rates charged, but contends that the hours expended in this case are excessive. See Def. Br. at 2-7.  This Court disagrees.

The Court has broad discretion to determine the amount of time reasonably expended. See Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986).  The Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. See Aston, 808 F.2d at 11; see also New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). District courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. See e.g., Cruz v. Apfel, 48 F.Supp.2d 226, 230 (E.D.N.Y. 1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y. 1997); Greenidge v. Barnhard, 2005 WL 357318 at note 16 (N.D.N.Y 2005).  Further, this time may include the time spent on EAJA fee applications. See Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 708 (2d Cir. 1987).

Based on these principles, and this Court's review of Plaintiff's attorney's submission regarding the hours expended in this case, this Court finds that the amount of attorney's fees requested is reasonable.  Accordingly, Defendant's request for a reduction in the amount of attorney's fees is denied, and Plaintiff

is awarded $7423.21 in EAJA fees.

## CONCLUSION

For the reasons set forth above, this Court finds that the attorney's fees requested by the Plaintiff are reasonable. Accordingly, this Court Orders the Defendant to pay Plaintiff $7423.21 in EAJA fees.

**ALL OF THE ABOVE IS SO ORDERED.**

　s/ Michael A. Telesca　
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 12, 2012